# EXHIBIT A

| Maine Revised Statutes Annotated |
| Title 5. Administrative Procedures and Services |
| Part 12. Human Rights (Refs & Annos) |
| Chapter 337-C. Civil Remedies for Human Trafficking (Refs & Annos) |

This section has been updated. Click here for the updated version.

5 M.R.S.A. § 4701

§ 4701. Remedies for human trafficking

**1. Definitions.** As used in this chapter, unless the context otherwise indicates, the following terms have the following meanings.

> **A.** "Trafficked person" means a victim of a human trafficking offense.

> **B.** "Criminal proceeding" includes the investigation and prosecution of criminal charges. A criminal proceeding remains pending until final adjudication in the trial court.

> **C.** "Human trafficking offense" means kidnapping or criminal restraint under Title 17-A, section 301 or 302 when the crime involves restraining a person by destroying, concealing, removing, confiscating or possessing any actual or purported passport or other immigration document or other actual or purported government identification document of the other person or using any scheme, plan or pattern intended to cause that person to believe that if the person does not perform certain labor or services, including prostitution, that the person or another person will suffer serious harm or restraint.

**2. Civil action for damages, relief.** A trafficked person may bring a civil action for actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those or any other appropriate relief. A prevailing plaintiff is entitled to an award of attorney's fees and costs.

**3. Statute of limitations.** An action brought pursuant to this section must be commenced within 10 years of the date on which the trafficked person was freed from the trafficking situation.

> **A.** If a person entitled to bring an action under this section is under disability when the cause of action accrues so that it is impossible or impracticable for the person to bring an action, the time during which the person is under disability tolls the running of the time limit for the commencement of the action. For the purposes of this paragraph, a person is under

disability if the person is a minor or is mentally ill, imprisoned, outside the United States or otherwise incapacitated or incompetent.

**B.** The statute of limitations is tolled for an incompetent or minor plaintiff even if a guardian ad litem has been appointed.

**C.** A defendant is estopped from asserting a defense of the statute of limitations if the trafficked person did not file before the expiration of the statute of limitations due to:

**(1)** Conduct by the defendant inducing the plaintiff to delay the filing of the action or preventing the plaintiff from filing the action; or

**(2)** Threats made by the defendant that caused duress to the plaintiff.

**D.** The statute of limitations is tolled during the pendency of any criminal proceedings against the trafficked person.

**4. Cause of action on trafficked person's behalf.** A legal guardian, family member, representative of the trafficked person or court appointee may represent the trafficked person or the trafficked person's estate if deceased.

**Credits**

2007, c. 684, § B-1, eff. Jan. 1, 2009.

5 M. R. S. A. § 4701, ME ST T. 5 § 4701
Current with 2025 First Regular and First Special Sessions of the 132nd Legislature of Maine. The First Regular Session convened December 4, 2024 and adjourned sine die March 21, 2025. The general effective date for nonemergency laws passed in the First Regular Session of the 132nd Legislature is June 20, 2025. The First Special Session convened March 25, 2025 and adjourned sine die June 25, 2025. The general effective date for nonemergency laws passed in the First Special Session of the 132nd Legislature is September 24, 2025.

**End of Document**                                                  © 2025 Thomson Reuters. No claim to original U.S. Government Works.