IN THE UNITED STATES COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **JESSICA FULLER, individually and on behalf of all similarly situated persons,**<br><br>Plaintiffs,<br><br>vs.<br><br>**HYDE SCHOOL; LAURA GAULD; MALCOLM GAULD; GEORGIA GAULD MACMILLAN; DONALD MACMILLAN; LAURIE GAULD HURD**<br><br>Defendants. | Civil Action No.: 2:25-cv-00354<br><br>Hon. Stacey D. Neumann |

**NOTICE OF ERRATA REGARDING PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, through undersigned counsel, respectfully submits this Notice of Errata to correct a handful of inadvertent clerical citation errors in Plaintiff's Opposition to Defendants' Motion to Dismiss.

**I.   PURPOSE AND NATURE OF ERRORS**

This Notice addresses citation and formatting errors identified by Defendants in their Reply Brief. These errors were inadvertent clerical mistakes made during the drafting process, not fabrications or deliberate misrepresentations as insinuated by the Defendants. All legal authorities cited in Plaintiff's briefing are legitimate decisions. The substantive legal arguments in Plaintiff's Opposition remain sound and are unaffected by these clerical errors. As set forth herein, Defendants attempt to mislead the Court to believe Plaintiff "fabricated" cases bears no truth and such insinuation should be ignored and stricken from the court record.

1

## II. CORRECTED CITATIONS

### A. *Doe v. Howard* Citation Error

**Defendants' Assertion:**

Defendants claim they "ha[ve] not been able to locate" the *Doe v. Howard* case and suggest it may have been fabricated.

**Correction:**

Plaintiff acknowledges the Westlaw citation for *Doe v. Howard* is not accurate. However, the case does exist. The correct citation is: *Doe v. Howard*, Civil Action No. 1:11-cv-1105 (E.D. Va. Sept. 4, 2012).

A copy of the court's decision in *Doe v. Howard* is attached as **Exhibit A**. This is a decision from the United States District Court for the Eastern District of Virginia, readily available in federal court records. The case is genuine and supports the proposition for which it was cited – that courts award substantial damages in human trafficking and forced servitude cases.

Notably, this citation appears only once in Plaintiff's brief, and not in relation to any substantial legal standard or element of the Plaintiff's claims. Its inclusion has little bearing on the merits of Plaintiff's primary arguments in her opposition.

### B. *Doe v. Moravian College* Reference

**Defendants' Assertion:**

Defendants suggest *Doe v. Moravian College* is a fabricated case.

**Correction:**

*Doe v. Moravian College* is not fabricated, it is a real case and is attached as **Exhibit B**. *Doe v. Moravian College*, Civil No. 5:20-cv-00377-JMG, 2023 U.S. Dist. Lexis 4027 (E.D. Pa. Jan. 10, 2023). During drafting, Plaintiff's counsel reviewed this decision but ultimately

determined its language was illustrative, but not directly on point. The citation inadvertently remained in the brief after a sentence discussing *Doe v. Howard* but should have been deleted before filing.

Similar to the *Doe v. Howard* citation, this citation appears only once in Plaintiff's brief, and not in relation to any substantial legal standard or element of the Plaintiff's claims. Its inclusion has little bearing on the merits of Plaintiff's primary arguments.

C.     **Section 4701 Statutory Language**

**Defendants' Assertion:**

Defendants claim Plaintiff grossly misquoted the 2007 version of 5 M.R.S.A. § 4701 by stating it included the phrase "compelling a person to provide or to continue to provide labor or services."

**Correction:**

Plaintiff acknowledges this phrase does not appear verbatim in the 2007 version of § 4701. This was an inadvertent error in paraphrasing - not fabrication. The statement was attempting to describe the scope of conduct covered by § 4701's reference to "human trafficking offense," which in 2007 incorporated by reference the criminal statutes defining such offenses, including coercive conduct involving labor and services. The language should have been presented as a description of the statutory scheme rather than as a direct quotation, which was clerical error that does not change the substance of Plaintiff's position.

The substantive legal point remains valid: Plaintiff's Complaint adequately alleges facts that, if proven, would constitute a human trafficking offense under Maine law as it existed when she attended Hyde School. The specific word quotation does not undermine this core argument.

3

**D.      Rule 8(a)(2) Citation Format**

**Defendants' Assertion:**

Defendants claim Plaintiff misquoted Federal Rule of Civil Procedure 8(a)(2) by stating it requires "fair notice of what the claim is and the grounds upon which it rests."

**Correction:**

Plaintiff acknowledges that this language is the Supreme Court's interpretation of Rule 8(a)(2), not the Rule's verbatim text. The phrase comes from *Conley v. Gibson*, 355 U.S. 41, 47 (1957), as cited in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The citation should have been to *Conley* and *Twombly* rather than presented as a direct quote of the Rule itself. Plaintiff's imprecision in citation form was a clerical error.

The *Conley*/*Twombly* formulation is the operative pleading standard routinely applied by federal courts, including this Court, when evaluating Rule 8(a)(2) compliance. Whether cited to the Rule itself or to Supreme Court precedent interpreting it, the legal standard is identical. Plaintiff's Complaint satisfies this standard by providing clear notice of her § 4701 claim and its factual basis.

It should be noted that, out of approximately thirty citations contained in the Plaintiff's Opposition, only the handful described above contained clerical errors.

**III.    THE SUBSTANCE OF PLAINTIFF'S OPPOSITION REMAINS SOUND**

These clerical errors, while disheveled and regrettable, do not affect the merits of Plaintiff's Opposition. The core of Plaintiff's argument rests on well-established authority that was correctly cited and remains unchallenged:

- **Primary Authority**: *Bates v. Sequel Youth & Family Servs., LLC,* No. 2:23-CV-01063-RDP, 2024 U.S. Dist. LEXIS 118421 (N.D. Ala. July 5, 2024) (attached hereto as **Exhibit C**) and *Bates v. Sequel Youth & Family Servs., LLC*, No. 2:23-CV-01063-RDP, 2025 U.S. Dist. LEXIS 202430 (N.D. Ala. Oct. 14, 2025) (attached hereto as **Exhibit D)** are the principal decisions on which Plaintiff's Opposition was based. These decisions were cited correctly and are attached hereto.

- **Legal Standards**: The legal standards governing pleading sufficiency, statutory interpretation, and damages in trafficking cases remain accurately stated throughout Plaintiff's brief.

- **Factual Allegations**: Plaintiff's Complaint contains detailed factual allegations that support each element of her claims, regardless of any citation formatting errors.

The clerical errors identified by Defendants relate to secondary supporting citations and citation format - not to the foundational legal authorities or factual allegations that form the basis of Plaintiff's claims.

### IV.    ASSURANCES TO THE COURT

Undersigned counsel wishes to assure the Court that:

1. All legal authorities cited in the Opposition are real, published decisions from recognized courts.

2. The errors were limited to citation formatting, pin cites, and inadvertent inclusion/paraphrasing mistakes.

3. No substantive legal argument or factual assertion was misrepresented.

4. Counsel has undertaken additional verification steps to prevent similar errors in future filings and remains committed to the highest standards of accuracy and candor before the Court.

### V. STATUS OF COUNSEL AND REQUEST FOR CONTINUED PRO HAC VICE ADMISSION

Undersigned counsel acknowledges that local counsel has moved to withdraw from this case and has moved to withdraw his sponsorship of undersigned's pro hac vice admission. With the benefit of this Notice of Errata demonstrating that the errors were inadvertent clerical mistakes (not intentional misrepresentations), undersigned counsel respectfully submits that the withdrawal was premature. These citation formatting errors, while haphazard and regrettable, do not reflect any lack of candor, competence, or fitness to practice before this Court.

Therefore, undersigned counsel hereby respectfully requests that the Court allow her to remain admitted pro hac vice for the limited purpose of assisting Plaintiff in securing new local counsel licensed in Maine and ensuring continuity of representation during this transition period.

Plaintiff should not be prejudiced by clerical errors that have now been corrected and explained. Undersigned counsel has been intimately familiar with this matter since its inception, has invested substantial time in understanding the complex factual and legal issues, and is committed to zealously advocating for Plaintiff's rights.

Undersigned counsel has already begun the process of identifying qualified Maine counsel to serve as local counsel and sponsor her continued pro hac vice admission. In the interim, to ensure Plaintiff is not left without effective representation, undersigned respectfully requests the Court's permission to continue representing Plaintiff's interests in this matter.

In the alternative, if the Court determines that new local counsel sponsorship is required before undersigned may continue, undersigned requests a reasonable period of sixty (60) days to

secure such sponsorship, during which time undersigned may continue to represent Plaintiff to prevent any gap in representation or prejudice to Plaintiff's case.

## VI.   CONCLUSION

Plaintiff respectfully submits this Notice to maintain a clear and accurate record. These clerical errors do not undermine the substantive strength of Plaintiff's Opposition or the validity of her claims. Defendants' request for relief certainly does not equate to a sanctionable wrongdoing as the Defendant loosely suggests, and undersigned counsel apologizes for the oversights.

Dated: December 10, 2025

Respectfully Submitted
Plaintiffs,

By their attorneys,

*/s/ Kelly A. Guagenty*
Kelly A. Guagenty, Esq. (BBO #658872)
*(Admitted pro hac vice)*
JUSTICE LAW COLLABORATIVE
210 Washington St.
North Easton, MA 02356
(508) 230-2700
kelly@justicelc.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Kelly A. Guagenty*
Kelly A. Guagenty, Esq.