**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| JESSICA FULLER, *individually and on behalf* of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>HYDE SCHOOL; LAURA GAULD; MALCOLM GAULD; GEORGIA GAULD MACMILLAN; DONALD MACMILLAN; LAURIE GAULD HURD,<br><br>Defendants. | Civil Action No. 2:25-cv-00354-SDN<br><br>Hon. Stacey D. Neumann |

**AFFIDAVIT OF CHRISTOPHER L. MANN**

CHRISTOPHER L. MANN, being duly sworn, deposes and states as follows:

1. I am over eighteen years of age and understand the obligations of an oath.
2. I am a member of the Maine Bar.
3. I retired from the Maine Attorney General's Office in 2020.
4. Since my retirement, I have devoted my time to various pro-bono representations including working on matters for the Maine Board of Bar of Overseers such as serving as special counsel and grievance commissioner.
5. I attended Hyde School. Based on my experience at Hyde School, I do not believe the allegations in the Plaintiff's Complaint have merit and am concerned that they are causing damage to Hyde School and its reputation. As a result, I have been following the developments in the above-referenced case with great interest.

6. I am one of countless alums who have spoken publicly in support of Hyde School and critically of this lawsuit, including signing my name to a full-page statement in the Portland Press Herald along with several hundred other Hyde alums and parents.

7. In December of 2025, Laura Gauld, who is the President at Hyde School, emailed me the Notice of Errata and related filings.

8. I was particularly appalled to read these filings and to learn that the Plaintiff's attorneys had submitted inaccurate and misleading citations to the court in response to the Motion to Dismiss that had been filed on behalf of Hyde School.

9. In my opinion, the lack of diligence that apparently resulted in the inaccurate and misleading citations in legal briefing may also have resulted in what I believe to be inaccurate and misleading allegations in the Complaint.

10. As the deadline for the Plaintiff to hire new counsel approached, I asked Malcolm Gauld if he had heard whether the Plaintiff had found replacement counsel. He told me that he had just heard that Attorney Kevin Fitzgerald was going to be entering an appearance.

11. Malcolm and I are personal friends and speak quite frequently. My question about the status of the case and Malcolm's answer occurred during a conversation about other matters.

12. I do not know Attorney Fitzgerald but believed that he should be made aware of the troubling filings that had been submitted to the Court on behalf of the Plaintiff in this case.

13. I sent Attorney Fitzgerald an email with the filings together with the notation *"Kevin: no vested interest, just a former Hyde Student, 68-72. Just an FYI brother. Regards."*

14. I did not tell Malcolm or anyone at Hyde School that I was going to contact Attorney Fitzgerald. Neither Malcolm nor anyone at Hyde School directed me to contact Attorney Fitzgerald.

15. Until they contacted me in connection with obtaining this Affidavit, I have not spoken with Attorney Gaythwaite or any of the attorneys representing Hyde School in this case. They did not know about my contact with Attorney Fitzgerald and did not direct me to contact him.

[signature]
Christopher L. Mann

STATE OF MAINE
Sagadahoc, SS

March 8, 2026

Subscribed and sworn to before me,

[signature]
Notary Public
Print Name: Mary Lou Ciolfi
My Commission Expires: attorney-at-law Bar # 3177



29497289_1