**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| JESSICA FULLER, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>HYDE SCHOOL; LAURA GAULD; MALCOM GAULD; GEORGIA GAULD MACMILLAN; DONALD MACMILLAN; LAURIE GAULD HURD,<br><br>Defendants. | Civil Action No. 2:25-cv-00354-SDN<br><br>Hon. Stacey D. Neumann |

## CERTIFICATION OF ATTORNEY KELLY A. GUAGENTY

I, Kelly A. Guagenty, being duly sworn, do hereby depose, state, and certify as follows in response to the Court's Order Imposing Sanctions (Dkt. 40) ("Order"):

1. I am an attorney duly licensed to practice law in the Commonwealth of Massachusetts (BBO No. 658872). I was first admitted to the Massachusetts Bar in 2003. I have been admitted *pro hac vice* to practice before this Court in the above-captioned matter.

2. On April 29, 2026, I attended the "AI & Emerging Technologies Conference 2026" offered through Massachusetts Continuing Legal Education, Inc. ("MCLE") which encompassed a full day of programming regarding topics on the use of generative AI including a section on AI ethics, hallucinations, limitations, and risks as well as attorney responsibilities relating to verification and citation accuracy with the use of AI. After viewing the webcast, I also downloaded a transcript of the webcast as well as all faculty submissions to our firm's database to ensure those materials are available and accessible at all times. Attached as **Exhibit 1** is my certificate of attendance from the MCLE program.

3. On May 5, 2026, I received notice of the Court's Order.
4. On May 8, 2026, I provided Plaintiff Jessica Fuller a copy of the Order via email along with a status update on filing an Amended Opposition to Defendants' Motion to Dismiss and my required Certification to the Court.[1]
5. On May 12, 2026, my firm purchased educational materials entitled "Best Practices for Using AI", published by the American Association for Justice, concerning the responsible implementation and oversight of AI tools in litigation practice. Attached as **Exhibit 2** is confirmation of our firm's purchase of these educational materials.
6. After receiving the "Best Practices for Using AI", I reviewed the materials to further educate myself on issues involving the use of AI in my law practice. I also shared the materials with other lawyers and staff in my firm.
7. On multiple occasions over the past several months, I and the other partners of my firm have discussed and reviewed our internal procedures concerning the use of AI-assisted tools in our law practice, including attorney review obligations, citation verification procedures, and quality-control measures relating to drafting documents and making court filings. As part of those efforts, our firm has reinforced our written protocols requiring attorney review and verification of legal authorities and other sources cited in filings prior to submission and has updated our internal written guidance concerning the appropriate use and supervision of AI-assisted drafting tools.[2] These updated written protocols include, among other things, requirements that:
    - All legal citations, quotations, case holdings, statutes, regulations, and other legal

[1] Should the Court like to review this attorney-client correspondence, I will make it available for *in camera* review.
[2] Should the Court like to review the firm's Artificial Intelligence Governance Policy, I will make it available for *in camera* review.

authorities generated or assisted by AI tools must be independently verified against primary sources before being relied upon, cited, or filed with any court.

- Attorneys remain personally responsible for the accuracy of all factual statements, legal arguments, and authorities contained in any filing, regardless of whether AI-assisted tools were used in drafting.
- Client confidential information may not be entered into public or consumer AI platforms unless specifically authorized under the Firm's written policies and applicable confidentiality requirements.
- Firm personnel must review all AI-generated content for accuracy, completeness, consistency with the underlying record, and compliance with applicable ethical obligations before use.
- Attorneys must determine and comply with any AI-related requirements, standing orders, local rules, or disclosure obligations applicable to the specific court or tribunal before submitting filings.
- The Firm requires documentation of AI use in legal matters and maintains procedures for supervisory review and quality control when AI-assisted tools are utilized.
- Firm personnel receive training regarding the appropriate use of AI tools, including their limitations, risks of inaccurate or fabricated information, confidentiality considerations, and verification requirements.

8. I understand that any use of AI-assisted tools does not diminish counsel’s independent obligation to verify the accuracy of factual statements contained in court filings.
9. I respectfully submit this Certification in compliance with the Court’s Order and

acknowledge the seriousness of the issues identified by the Court in the Order.

10. I remain committed to exercising appropriate diligence to ensure the accuracy of all future filings in this case and all other matters I am involved in, and to maintaining the highest standards of professional responsibility before this Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 10th day of June 2026.

Kelly A. Guagenty, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Kelly A. Guagenty*
Kelly A. Guagenty