**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| JESSICA FULLER, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>HYDE SCHOOL; LAURA GAULD; MALCOLM GAULD<br><br>Defendants. | Civil Action No. 2:25-cv-00354-SDN<br><br>Hon. Stacey D. Neumann<br><br>Demand for Jury Trial |

# DEFENDANTS' ANSWER TO SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT

Defendants the Hyde School ("Hyde"), Laura Gauld, and Malcolm Gauld (together, "Defendants"), through their attorneys, respectfully submit this Answer to Plaintiff's Second Amended Individual and Class Action Complaint ("SAICAC").

## I. INTRODUCTION

Defendants deny the allegations in the Introduction to the SAICAC.

## II. PARTIES

1. Defendants deny that Laura Gauld is the "President" or "Principal Officer" of Hyde. Defendants admit the remaining allegations in Paragraph 1.

2. Defendants deny that Laura Gauld is the "President" or "Principal Officer" of Hyde. Defendants admit the remaining allegations in Paragraph 2.

3. Defendants deny that Malcolm Gauld was the "headmaster" of Hyde from 1987-1998 or that he is the "current Executive Director of Hyde." Malcolm Gauld's title at Hyde from

1987-1998 was "Head of School." Further, he is the current Executive Director of the Hyde Institute, a separate organization from Defendant Hyde School. Defendants admit the remaining allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## III. JURISDICTION AND VENUE

5. Defendants admit that the SAICAC purports to assert claims arising under, *inter alia*, 18 U.S.C. § 1589 and 18 U.S.C. § 2255 but deny liability under those statutes. The remaining assertions in Paragraph 5 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6, subparagraphs (a) – (c), for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. The remaining assertions in Paragraph 6 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 6.

7. Defendants admit that the SAICAC purports to assert claims under 18 U.S.C. §§ 1589, 1590, and 2255 but deny liability under those statutes. The remaining assertions in Paragraph 7 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 7.

8. Defendants admit that Hyde is a Maine entity with its principal place of business in Maine. The remaining assertions in Paragraph 8 are conclusions of law to which no

response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 8.

9. Defendants admit that Laura and Malcolm Gauld are residents of Maine.  The remaining assertions in Paragraph 9 are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 9.

10. Defendants admit that the SAICAC alleges that Laura and Malcolm Gauld have engaged in conduct in violation of federal trafficking laws, although they deny the truth of those allegations.  Defendants deny that the SAICAC asserts tort claims against Laura or Malcolm Gauld or that they committed violations of state trafficking laws.  The remaining assertions in Paragraph 10 are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 10.

11. The assertions in Paragraph 11 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

## IV. FACTUAL ALLEGATIONS

12. Defendants admit that Joseph Gauld founded Hyde in 1966 and developed its initial curriculum.  Defendants deny that Hyde still uses the curriculum developed by Joseph Gauld.

13. Defendants admit that Joseph Gauld served at various times as a teacher, executive, and benefactor of Hyde.  Defendants otherwise deny the allegations in Paragraph 13.

14. Defendants admit that Joseph Gauld wrote several books, that he has given lectures nationally, and that he was a supporter of Hyde until his death. Defendants otherwise deny the allegations in Paragraph 14.

15. Paragraph 15 purports to characterize and quote from a message that speaks for itself and requires no answer. Defendants further admit that Hyde refers to Joseph Gauld as the school's founder. Defendants otherwise deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants admit that Joseph Gauld wrote a weekly column in the Maine Sunday Telegram more than fifty years ago called "The Courage to Grow," the contents of which speak for themselves and require no answer. Defendants otherwise deny the allegations in Paragraph 17. Defendants further answer that Joseph Gauld is deceased, is not a party to this lawsuit, and does not speak for Defendants.

18. Paragraph 18 purports to quote from a column authored by Joseph Gauld more than fifty years ago which speaks for itself and requires no answer. Defendants otherwise deny the allegations in Paragraph 18. Defendants further answer that Joseph Gauld is deceased, is not a party to this lawsuit, and does not speak for Defendants.

19. Defendants deny the allegations in Paragraph 19 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

20. Paragraph 20 purports to characterize and excerpt from a communication between Joseph Gauld and an unknown person. The Defendants were not a party to this communication and therefore deny the allegations regarding the communication in Paragraph 20 for lack of knowledge or information sufficient to form a belief as to the truth of the matters

alleged.  Defendants further answer that Joseph Gauld is deceased, is not a party to this lawsuit, and does not speak for Defendants.  Defendants admit that Joseph Gauld retired from Hyde in 2021.  Defendants otherwise deny the allegations in Paragraph 20.

21. Paragraph 21 purports to quote from a document that speaks for itself and requires no answer.  Defendants further deny the allegation that Hyde "demonstrat[ed] the school's continued reverence for his abusive philosophy even after his departure."

22. Defendants deny the allegations in Paragraph 22.

23. Defendants admit that Malcolm Gauld has held multiple executive positions at Hyde. Defendants otherwise deny the allegations in paragraph 23.

24. Defendants admit that Laura Gauld has held executive positions at Hyde, including President, and that Hyde paid her $310,000 in 2021.  Defendants otherwise deny the allegations in paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants admit that at certain times Hyde has publicly stated that it "was established on the belief that 'every individual is gifted with a unique potential that defines a destiny'" and that "At the heart of the Hyde education is a commitment to character development, open and effective communication, personal integrity and impactful leadership."   Defendants otherwise deny the allegations in Paragraph 28.

29. Defendants admit that at certain times Hyde has publicly stated that "courage; integrity; leadership; curiosity; and concern" are the "cornerstones" of Hyde's curriculum.

Defendants further answer that Paragraph 29 purports to excerpt from a document the source, author, and date of which is not identified, and Defendants lack know or information sufficient to form a belief as to the truth of the matters alleged and therefore deny them. Defendants otherwise deny the allegations in Paragraph 29.

30. Defendants admit that at certain times Hyde has utilized an educational approach called “Brother’s Keeper,” “Sister’s Keeper,” and “Other’s Keeper” but deny the characterization of this approach in Paragraph 30. Defendants otherwise deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31 because they do not specify where, when, or to whom Malcolm Gauld made the alleged statements and Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged. Defendants deny the remaining allegations in Paragraph 31.

32. Paragraph 32 purports to excerpt from a document the source, author, and date of which is not identified, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged and therefore deny them. Defendants otherwise deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34 because they do not specify where, when, or to whom Malcolm Gauld made the alleged statements and Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged..

35. Defendants deny the allegations in Paragraph 35 because they do not specify where, when, or to whom Malcolm Gauld made the alleged statements and Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged.

36. Defendants admit that Laura and Malcolm Gauld attended Hyde. Defendants further answer that Paragraph 36 purports to excerpt from a document the source, author, and date of which is not identified, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged and therefore deny them. Defendants otherwise deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Paragraph 50 purports to excerpt from a document the source, author, and date of which is not identified, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged and therefore deny them. Defendants otherwise deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Paragraph 55 purports to excerpt from a document the source, author, and date of which is not identified, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged and therefore deny them. Defendants otherwise deny the allegations in Paragraph 50.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59 including subparagraphs (a) – (l).

60. Defendants admit that Paragraph 60 shows a social media post by Malcolm Gauld, which speaks for itself. Defendants otherwise deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Paragraph 64 purports to excerpt from a document the source, author, and date of which is not identified, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged and therefore deny them. Defendants otherwise deny the allegations in Paragraph 64.

65. Defendants admit the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants admit that the quoted language appears on Hyde's website, which speaks for itself. Defendants otherwise deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants admit that Seguin Island is a small island off the coast of Maine. Defendants otherwise deny the allegations in Paragraph 76.

77. Paragraph 77 purports to excerpt from a document the source, author, and date of which is not identified, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged and therefore deny them. Defendants otherwise deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78 because it purports to quote from and characterize a document or social media post that was not alleged to be authored by Defendants and the source of which is not identified, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged. Defendants otherwise deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88 because they do not specify when, where, by whom, or to whom the alleged statements were made, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged.

89. Defendants deny the allegations in Paragraph 89 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

90. Defendants deny the allegations in Paragraph 90 because it purports to reference statements that were not alleged to have been made by Defendants and the source of which is not identified, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged.

91. Defendants deny the allegations in Paragraph 91 because it purports to quote from and characterize a document or social media post that was not alleged to have been authored by Defendants and the source of which is not identified, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged.

92. Defendants deny the allegations in Paragraph 92 because it purports to quote from and characterize a document or social media post that was not alleged to have been authored by Defendants and the source of which is not identified, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged.

93. Defendants deny the allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95 including subparagraphs (a) – (e).

96. Defendants admit that Paragraph 96 contains Ms. Fuller’s approximate ages and dates of attendance at Hyde.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants deny the allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

113. Defendants deny the allegations in Paragraph 113.

114. Defendants deny the allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117 including subparagraphs (a) – (f).

118. Defendants deny the allegations in Paragraph 118.

119. Defendants deny the allegations in Paragraph 119.

120. Defendants deny the allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants admit that Plaintiff purports to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3). Defendants deny that the allegations in the SAICAC support certification of a class, or that either the Primary or Subclass defined in Paragraphs 125 and 126 are appropriate for certification.

126. Defendants deny that the allegations in the SAICAC support certification of a class, or that either the Primary or Subclass defined in Paragraphs 125 and 126 are appropriate for certification.

127. Defendants deny that the allegations in the SAICAC support certification of a class, or that either the Primary or Subclass defined in Paragraphs 125 and 126 are appropriate for certification.

128. The assertions in Paragraph 128 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 128.

129. The assertions in Paragraph 129 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 129.

130. The assertions in Paragraph 130 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 130 and subparagraphs (i) – (iii).

131. The assertions in Paragraph 131 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 131 and subparagraphs (i) – (vi).

132. The assertions in Paragraph 132 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 132.

133. The assertions in Paragraph 133 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134 for lack of knowledge sufficient to form a belief as to the truth of the matters alleged. Moreover, Paragraph 134 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 134.

135. The assertions in Paragraph 135 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136. Defendants deny the allegations in Paragraph 136.

**COUNT ONE**
**(Liability Under § 1595(a) of the TVPRA for Violations of 18 U.S.C. § 1584)**
**(On Behalf of Plaintiff and Both Classes)**
**(Against All Defendants)**

137. Defendants incorporate their responses to Paragraphs 1-136 as if fully restated herein.

138. Defendants deny that Paragraph 138 contains a complete and accurate characterization of the cited statute.

139. Defendants deny the allegations in Paragraph 139.

140. Defendants deny that Paragraph 140 contains a complete and accurate characterization of the cited statute.

141. Defendants deny the allegations in Paragraph 141 including subparagraphs (a) – (l).

142. Defendants deny the allegations in Paragraph 142.

143. Defendants deny the allegations in Paragraph 143.

144. Defendants deny the allegations in Paragraph 144.

145. Defendants deny the allegations in Paragraph 145.

146. Defendants deny the allegations in Paragraph 146.

147. Defendants deny the allegations in Paragraph 147.

148. Defendants deny the allegations in Paragraph 148.

149. Defendants deny the allegations in Paragraph 149.

150. Defendants deny the allegations in Paragraph 150.

151. Defendants deny the allegations in Paragraph 151.

152. Defendants deny the allegations in Paragraph 152.

**COUNT TWO**
**(Liability Under §1595 (a) of the TVPRA for Violations of 18 U.S.C. §1589)**
**(On Behalf of Plaintiff and Both Classes)**
**(Against All Defendants)**

153. Defendants incorporate their responses to Paragraphs 1-152 as if fully restated herein.

154. Defendants deny that Paragraph 154 contains a complete and accurate characterization of the cited statute.

155. Defendants deny the allegations in Paragraph 155.

156. Defendants deny that Paragraph 156 contains a complete and accurate characterization of the cited statute.

157. Defendants deny that Paragraph 157 contains a complete and accurate characterization of the cited statute.

158. Defendants deny that Paragraph 158 contains a complete and accurate characterization of the cited statute.

159. Defendants deny the allegations of Paragraph 159.

160. Defendants deny the allegations of Paragraph 160

161. Defendants deny the allegations of Paragraph 161.

162. Defendants deny the allegations of Paragraph 162.

163. Defendants deny the allegations of Paragraph 163 including subparagraphs (a) – (j).

164. Defendants deny the allegations of Paragraph 164.

165. Defendants deny the allegations of Paragraph 165.

166. Defendants deny the allegations of Paragraph 166.

167. Defendants deny the allegations of Paragraph 167.

168. Defendants deny the allegations of Paragraph 168.

169. Defendants deny the allegations of Paragraph 169 including subparagraphs (a) – (e).

170. Defendants deny the allegations of Paragraph 170.

171. Defendants deny the allegations of Paragraph 171.

172. Defendants deny the allegations of Paragraph 172.

173. Defendants deny the allegations of Paragraph 173.

174. Defendants deny the allegations of Paragraph 174.

175. Defendants deny the allegations of Paragraph 175.

**COUNT THREE**
**(Liability Under § 1595 (a) of the TVPRA for Violations of 18 U.S.C. § 1590)**
**(On Behalf of Plaintiff and Both Classes)**
**(Against All Defendants)**

176. Defendants incorporate their responses to Paragraphs 1-175 as if fully restated herein.

177. Defendants deny that Paragraph 177 contains a complete and accurate characterization of the cited statute.

178. Defendants deny the allegations of Paragraph 178.

179. Defendants deny the allegations of Paragraph 179.

180. Defendants deny the allegations of Paragraph 180.

181. Defendants deny the allegations of Paragraph 181.

182. Defendants deny that Paragraph 182 contains a complete and accurate characterization of the cited statute.

183. Defendants deny the allegations in Paragraph 183 including subparagraphs (a) – (e).

184. Defendants deny the allegations in Paragraph 184.

185. Defendants deny the allegations in Paragraph 185.

186. Defendants deny the allegations in Paragraph 186.

187. Defendants deny the allegations in Paragraph 187.

188. Defendants deny the allegations in Paragraph 188.

189. Defendants deny the allegations in Paragraph 189.

190. Defendants deny the allegations in Paragraph 190.

191. Defendants deny the allegations in Paragraph 191.

192. Defendants deny the allegations in Paragraph 192.

193. Defendants deny the allegations in Paragraph 193.

194. Defendants deny the allegations in Paragraph 194.

**COUNT FOUR**
**(Civil Action Under 18 U.S.C. §2255**
**(On Behalf of Plaintiff and Both Classes)**
**(Against All Defendants)**

195. Defendants incorporate their responses to Paragraphs 1-194 as if fully restated herein.

196. Defendants deny the allegations in Paragraph 196.

197. Defendants deny the allegations in Paragraph 197 including subparagraphs (a) – (p).

198. Defendants deny the allegations in Paragraph 198.

199. Defendants deny the allegations in Paragraph 199.

200. Defendants deny the allegations in Paragraph 200 including subparagraphs (a) – (d).

**COUNT FIVE**
**(Civil Action Under 18 U.S.C. §1595(a) for Attempted Forced Labor Violations of 18 U.S.C. §1594(a)**
**(On Behalf of Plaintiff and Both Classes)**
**(Against All Defendants)**

201. Defendants incorporate their responses to Paragraphs 1-200 as if fully restated herein.

202. Defendants deny the allegations in Paragraph 202.

203. Defendants deny the allegations in Paragraph 203 including subparagraphs (a) – (d).

**COUNT SIX**
**(Civil Action Under 18 U.S.C. §1595 (a) for Conspiracy to Commit Forced Labor Violations of 18 U.S.C. §1594(b)**
**(On Behalf of Plaintiff and Both Classes)**
**(Against All Defendants)**

204. Defendants incorporate their responses to Paragraphs 1-203 as if fully restated herein.

205. Defendants deny the allegations in Paragraph 205.

206. Defendants deny the allegations in Paragraph 206 including subparagraphs (a) – (e).

**COUNT SEVEN**
**(Civil Action Under 18 U.S.C. §1595 (a) for Individual Liability for Forced Labor Violations)**
**(On Behalf of Plaintiff and Both Classes)**
**(Against Gauld Defendants)**

207. Defendants incorporate their responses to Paragraphs 1-206 as if fully restated herein.

208. Defendants deny the allegations in Paragraph 208.

209. Defendants deny the allegations in Paragraph 209 including subparagraphs (a) – (e).

210. Defendants deny the allegations in Paragraph 210.

211. Defendants deny the allegations in Paragraph 211.

212. Defendants deny the allegations in Paragraph 212.

213. Defendants deny the allegations in Paragraph 213.

**<u>COUNT EIGHT</u>**
**(Civil Action Under 18 U.S.C. §2255 for Individual Liability for Forced Labor Violations)**
**(On Behalf of Plaintiff and Both Classes)**
**(Against Gauld Defendants)**

214. Defendants incorporate their responses to Paragraphs 1-213 as if fully restated herein.

215. Defendants deny the allegations in Paragraph 215.

216. Defendants deny the allegations in Paragraph 216 including subparagraphs (a) – (d).

217. Defendants deny the allegations in Paragraph 217 including subparagraphs (a) – (e).

218. Defendants deny the allegations in Paragraph 218.

219. Defendants deny the allegations in Paragraph 219.

**<u>COUNT NINE</u>**
**(Individual Liability for Conspiracy Under 18 U.S.C. §1594(b)**
**(On Behalf of Plaintiff and Both Classes)**
**(Against Gauld Defendants)**

220. Defendants incorporate their responses to Paragraphs 1-219 as if fully restated herein.

221. Defendants deny the allegations in Paragraph 221.

222. Defendants deny the allegations in Paragraph 222 including subparagraphs (a) – (c).

223. Defendants deny the allegations in Paragraph 223 including subparagraphs (a) – (e).

224. Defendants deny the allegations in Paragraph 224.

225. Defendants deny the allegations in Paragraph 225.

WHEREFORE Defendants the Hyde School, Laura Gauld, and Malcolm Gauld request this Court to enter a judgment:

1. denying Plaintiff any and all relief;

2. denying Plaintiff’s request for certification of a class;

3. dismissing Plaintiff’s Second Amended Individual and Class Action Complaint in its entirety;

4. dismissing this case with prejudice; and

5. granting Defendants all other remedies that the Court deems just and proper.

Defendants respectfully request a trial by jury as to all claims and issues so triable.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the SAICAC, and without admitting or acknowledging that Defendant bears the burden of proof as to any of them, Defendants assert the following separate and individual affirmative defenses. Defendants intend to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to assert all such defenses, including but not limited to those listed in Federal Rule of Civil Procedure 8(c).

**FIRST AFFIRMATIVE DEFENSE**

The alleged damages of Plaintiff and the proposed Primary Class and Subclass Members, if any, are the result of their own acts, errors, and omissions, which were the sole cause of any such damages.

**SECOND AFFIRMATIVE DEFENSE**

The alleged damages of Plaintiff and the proposed Primary Class and Subclass Members, if any, are the result of the acts, errors, and/or omissions of third parties not controlled by Defendants, and those third parties were the sole cause of any such alleged damages.

**THIRD AFFIRMATIVE DEFENSE**

The claims of the proposed Primary Class and Subclass Members are barred in whole or in part by statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff and the proposed Primary Class and Subclass Members are barred to the extent the arise out of activities occurring at the Hyde School at South Woodstock, which was a separate legal entity from Defendant Hyde School.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff and the proposed Primary Class and Subclass Members are barred under Connecticut General Statutes § 33-1178 to the extent that they arise out of activities occurring at the Hyde School at South Woodstock. Hyde School at South Woodstock was dissolved in 2018, and notice of dissolution was published in January 2019.

Dated: August 24, 2026

Respectfully submitted,

*/s/ Sarah K. Grossnickle*

Martha C. Gaythwaite
Sarah K. Grossnickle
VERRILL DANA, LLP
One Portland Square
Portland, ME 04101-4054
(207) 774-4000
mgaythwaite@verrill-law.com
sgrossnickle@verrill-law.com

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Sarah K. Grossnickle*