**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| JESSICA FULLER, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>HYDE SCHOOL; LAURA GAULD; MALCOLM GAULD; GEORGIA GAULD MACMILLAN; DONALD MACMILLAN; LAURIE GAULD HURD,<br><br>Defendants. | Civil Action No. 2:25-cv-00354-SDN<br><br>Hon. Stacey D. Neumann |

**DEFENDANTS' OBJECTION TO PROPOSED SCHEDULING ORDER AND PROPOSED SCHEDULING ORDER RELATED TO CLASS CERTIFICATION**

Now come the Defendants, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 23 and 26, Local Rule 16.3(a)(3) and the Cost and Reduction Plan for the District of Maine, hereby object to the Scheduling Order with incorporated Rule 26(f) Order that was circulated to the parties on August 25, 2026.

The parties have engaged in good faith discussions to develop a Scheduling Order but have reached an impasse with respect to the timing of a decision on Class Certification and the phasing of class certification and merits discovery. The Defendants request that the decision be made early in the process. The Plaintiff is proposing that the decision on Class Certification be made at the end of the discovery process and after *Daubert* motions have been made even though the Plaintiff has advised that she will not be designating experts related to Class Certification issues.

Rule 23 of the Federal Rules of Civil Procedure "specifically calls for a decision on the class [certification] issue as early as practicable in the litigation, and also provides for reconsideration of the decision as the case progresses." *Lamphere v. Brown Univ.*, 553 F.2d 714, 719 (1st Cir. 1977) (referring to Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."). District Courts commonly allow for a bifurcated discovery process to limit initial discovery to matters related to class certification to ensure prompt certification pursuant to the rules. *See generally, In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 229

F.R.D. 35, 38-39 (D. Me. 2005); *Raposo v. Garelick Farms*, LLC, 288 F.R.D. 8, 10 (D. Mass. 2012); *Gonzalez v. RXO Last Mile, Inc*., No. CV 1:19-10290-TSH, 2022 WL 22269209, at *1 (D. Mass. Dec. 12, 2022); *Sanchez v. Triple-S Mgmt., Corp*., 492 F.3d 1, 5 (1st Cir. 2007). As such, discovery should focus first on issues related to determining the validity and scope of a class prior to certification. Once class certification disputes have been resolved, this Court should allow the Parties to conduct additional discovery, if necessary.

Because the Plaintiff is requesting Class Certification, the Defendants request that the case be assigned to the Complex Track. The Defendants request that the following limits to discovery apply with the understanding that either party could seek leave to request additional discovery if Class Certification is granted and the party believes that additional discovery is needed: 30 interrogatories (subparts not permitted); 30 requests for admission; 2 sets of requests for the production of documents; and 5 depositions. The Defendants also ask the Court to adopt the deadlines proposed below:

| **Deadline** | **Current Due Date** | **Proposed Due Date** |
|---|---|---|
| Deadline for Conference of Parties Pursuant to Fed.R.Civ.P. 26(f) | September 8, 2026 | September 8, 2026 |
| Deadline for Initial Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1) | September 21, 2026 | September 21, 2026 |
| Deadline for Filing Motion for Class Certification | N/A | November 1, 2026 |
| Deadline for Filing Opposition to Motion for Class Certification | N/A | December 1, 2026 |
| Deadline for Filing Reply to Opposition to Motion for Class Certification | N/A | December 17, 2026 |
| Deadline for Amendment of the Pleadings and Joinder of Parties | November 9, 2026 | January 8, 2026 |
| Deadline to Complete Written Discovery and Document Production | N/A | March 8, 2027 |
| Deadline to Complete Fact Discovery | January 11, 2027 | April 30, 2027 |

| | | |
|---|---|---|
| Deadline for Plaintiff's Settlement Demand | December 28, 2026 | May 7, 2027 |
| Deadline for Defendants' Response to Plaintiff's Settlement Demand | January 11, 2027 | May 21, 2027 |
| Deadline for Plaintiff to Designate Experts Pursuant to Fed.R.Civ.P. 26(a)(2) | November 9, 2026 | June 11, 2027 |
| Deadline for Defendants to Designate Experts Pursuant to Fed.R.Civ.P. 26(a)(2) | December 14, 2026 | July 23, 2027 |
| Deadline to Complete All Expert Depositions | N/A | September 10, 2027 |
| Deadline for ADR/Settlement Conference | N/A | October 6, 2027 |
| Deadline to File Notice of Intent to File Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h) | January 18, 2027 | October 12, 2027 |
| Deadline for Filing All Dispositive Motions and All *Daubert* and *Kumho* Motions Challenging Expert Witnesses Pursuant to Fed.R.Civ.P. 702 with Supporting Memorandum | February 1, 2027 | October 20, 2027 |
| Expected Trial Date | April 5, 2027 | January 11, 2028 |

Dated: September 11, 2026

Respectfully submitted,

*/s/ Martha Gaythwaite*____________

Martha C. Gaythwaite
Sarah K. Grossnickle
VERRILL DANA, LLP
One Portland Square
Portland, ME 04101-4054

(207) 774-4000
mgaythwaite@verrill-law.com
sgrossnickle@verrill-law.com

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Martha Gaythwaite*