**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF MAINE**

JESSICA FULLER, individually and on behalf of all similarly situated persons,

Plaintiffs,

vs.

HYDE SCHOOL, LAURA GAULD, and MALCOLM GAULD

Defendants.

Civil Action No.: 2:25-cv-00354-SDN

**PLAINTIFF'S OBJECTION TO PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN**

In response to the Court's draft proposed Scheduling Order with Incorporated Rule 26(f) Order ("Scheduling Order") received on August 25, 2026, Plaintiff Jessica Fuller proposes this amended scheduling order with discovery plan for the Court's consideration.

Given the complexity of this case, Plaintiff seeks to have the case designated within the Complex Track thereby providing additional time for discovery and motion practice and to increase certain discovery limitations. In support of this request, Plaintiff states that this action is expected to require significant discovery, including document production, fact witness depositions, expert discovery and motion practice. As of the date of this filing, the parties agree this case should be designated within the Complex Track. Unfortunately, the parties have been unable to reach agreement on any other deadlines or discovery limitations.

Additionally, upon cursory review of Defendants' Objection to Proposed Scheduling Order and Proposed Scheduling Order Related to Class Certification (Dkt. 57), Defendants raise issues on which they did not meet and confer with Plaintiff and over issues that are not ripe for the Court's

review at this time. Defendants seek to bifurcate discovery which is not contemplated as a matter of right under the Federal Rules of Civil Procedure. If Defendants seek bifurcation of discovery, Plaintiff assert they must move the Court for this relief and demonstrate good cause for doing so while allowing Plaintiff the opportunity to object. That has not occurred here.

## BACKGROUND

This case involves allegations of systematic forced labor at Hyde School ("Hyde"), a residential facility in Bath, Maine that has operated for over sixty years. Plaintiff Jessica Fuller brings this action individually and on behalf of a putative class against Hyde School and individual defendants Laura Gauld and Malcolm Gauld.

The complaint alleges that Hyde operated as a commercial enterprise generating millions in annual revenue while extracting unpaid forced labor from minors under the false guise of character development. Plaintiff alleges a calculated system of unpaid labor exploitation in which minor students were subjected to physical punishment and restraint, food and water deprivation, and psychological abuse and coercion to compel their free manual labor generating significant economic benefit to Defendants. The alleged forced labor included clearing wilderness properties for revenue-generating programs, maintaining and improving income-producing facilities, and performing construction work and other manual labor.

Defendants deny the allegations.

## ARGUMENT FOR AMENDED DISCOVERY PLAN

Plaintiff anticipates that discovery related to the Plaintiff's liability theories will include, subject to objections by Defendants based on relevance, burden, and applicable privilege, the identification, collection, production and review of documents related to those theories. Plaintiff anticipates depositions of the Plaintiff; Laura Gauld, Malcolm Gauld, and current and former

employees of Hyde. Further, Plaintiff anticipates retaining experts regarding liability and damages issues and the need to conduct discovery and briefing related to these experts. For these reasons, Plaintiff does not believe that the case can be prepared adequately and efficiently on the Standard Track schedule as initially proposed by the Court.

**PLAINTIFF'S PROPOSED AMENDED SCHEDULING ORDER**

Although the parties met and conferred multiple times for the purpose of identifying a discovery schedule that meets the Court's objectives of reducing expense and delay while at the same time providing adequate time for discovery to proceed in an efficient manner, the parties were unfortunately unable to reach agreement. Therefore, Plaintiff requests the following modifications to the Court's Scheduling Order:

| Deadline | Current Due Date | Proposed Due Date |
|---|---|---|
| Deadline for Conference of Parties Pursuant to Fed.R.Civ.P. 26(f) | September 8, 2026 | September 8, 2026 |
| Deadline for Initial Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1) | September 21, 2026 | September 21, 2026 |
| Deadline for Amendment of the Pleadings and Joinder of Parties | November 9, 2026 | November 9, 2026 |
| Deadline to Complete Written Discovery and Document Production | N/A | January 8, 2027 |
| Deadline to Complete Fact Discovery | January 11, 2027 | March 5, 2027 |
| Deadline for Plaintiff's Settlement Demand | December 28, 2026 | March 12, 2027 |
| Deadline for Defendants' Response to Plaintiff's Settlement Demand | January 11, 2027 | April 2 , 2027 |
| Deadline for Plaintiff to Designate Experts Pursuant to Fed.R.Civ.P. 26(a)(2) | November 9, 2026 | April 23, 2027 |

| | | |
|---|---|---|
| Deadline for Defendants to Designate Experts Pursuant to Fed.R.Civ.P. 26(a)(2) | December 14, 2026 | May 14, 2027 |
| Deadline for Plaintiff's and Defendants' Experts' Rebuttal Reports | N/A | June 11, 2027 |
| Deadline to Complete All Expert Depositions | N/A | July 23, 2027 |
| Deadline for Filing Motion for Class Certification[1] | N/A | August 2027 |
| Deadline for Filing Opposition to Motion for Class Certification | N/A | September 2027 |
| Deadline for Filing Reply to Opposition to Motion for Class Certification | N/A | September/October 2027 |
| Deadline for ADR/Settlement Conference | N/A | August 6, 2027 |
| Deadline to File Notice of Intent to File Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h) | January 18, 2027 | August 13, 2027 |

[1] As the Court will see below, Plaintiff has initially proposed class certification briefing falling at the end of the schedule after all fact and expert discovery is completed. As an offer of compromise with Defendants who seek to bifurcate discovery, Plaintiff would agree to move the deadlines for class certification briefing up as provided immediately below (see red text). If the Court were to agree with this framework, the remaining deadlines hereafter would likely need to be adjusted to move class certification briefing up while remaining on track for a trial date in January 2028. The parties agreed yesterday during a meet and confer that no filings would be made in advance of the September 11, 2026, hearing without providing notice to opposing counsel by September 10, 2026. Defendants notified Plaintiff this morning that they changed their position and would file an objection to the Court's proposed scheduling order in advance of today's hearing. Given the last-minute notice from Defendants, Plaintiff has not had an opportunity to adjust all discovery deadlines in this proposal and apologizes to the Court that this filing needed to be made less than one hour before today's hearing.

| | | |
|---|---|---|
| Deadline for Filing All Dispositive Motions and All *Daubert* and *Kumho* Motions Challenging Expert Witnesses Pursuant to Fed.R.Civ.P. 702 with Supporting Memorandum | February 1, 2027 | August 20, 2027 |
| Deadline for Filing Oppositions to All Dispositive Motions and All *Daubert* and *Kumho* Motions Challenging Expert Witnesses Pursuant to Fed.R.Civ.P. 702 with Supporting Memorandum | N/A | September 24, 2027 |
| Deadline for Filing Replies to All Dispositive Motions and All *Daubert* and *Kumho* Motions Challenging Expert Witnesses Pursuant to Fed.R.Civ.P. 702 with Supporting Memorandum | N/A | October 15, 2027 |
| Deadline for Filing Motion for Class Certification | N/A | November 1, 2027 |
| Deadline for Filing Opposition to Motion for Class Certification | N/A | December 1, 2027 |
| Deadline for Filing Reply to Opposition to Motion for Class Certification | N/A | December 17, 2027 |
| Expected Trial Date | April 5, 2027 | January 18, 2028 |

Plaintiff further states that discovery can commence at this time but shall not be conducted in phases. Plaintiff proposes that no changes should be made to the limitations for Interrogatories (30 per side) and Requests for Admission (30 per side). However, Plaintiff requests that the limitation for Requests for Production of Documents should be increased to three sets of document requests per side. Plaintiff further proposes ten (10) depositions per side, not to include depositions of experts or third-party fact witnesses.

Additionally, Plaintiff anticipates filing a proposed Confidentiality Order and an Order Regarding the Production of Electronically Stored Information within the next thirty days for the Court's consideration. Plaintiff will meet and confer with Defendants on these issues promptly.

Plaintiff also remains willing to meet and confer with Defendants in an effort to reach agreement on all matters discussed herein.

WHEREFORE, Plaintiff respectfully requests that the Court issue an Amended Scheduling Order which:

a. Accepts the proposed revisions to the Scheduling Order contained herein; and

b. Grants such other relief as this Court deems necessary, just, and proper.

Dated: September 11, 2026

Respectfully submitted,

*/s Kimberly A. Dougherty*

Kelly A. Guagenty, Esq. *(pro hac vice)*
Kimberly A. Dougherty, Esq. (*pro hac vice*)
Karen Barth Menzies, Esq. (*pro hac vice*)
JUSTICE LAW COLLABORATIVE, LLC
210 Washington Street
North Easton, MA 02356
Phone: (508-230-2700
Email: kelly@justicelc.com;
kim@justicelc.com; karen@justicelc.com

*/s/ Kevin M. Fitzgerald*

Kevin M. Fitzgerald, Esq.
FITZGERALD LAW GROUP, LLC
120 Exchange Street, Suite 200
Portland, ME 04101
Phone: (207) 874-7407
Email: kfitzgerald@fitz-lawgroup.com

*Counsel for Plaintiff Jessica Fuller and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, the foregoing Joint Objection to the Scheduling Order with Incorporated Rule 26(f) Order & Proposed Discovery Plan was electronically filed with the Clerk of Court using the CM/ECF system. Notification of this filing will be sent to all registered counsel of record by operation of the CM/ECF system.

*/s/ Kevin M. Fitzgerald*
Kevin M. Fitzgerald