**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF MAINE**

JESSICA FULLER, individually and on behalf of all similarly situated persons,

Plaintiffs,

vs.

HYDE SCHOOL, LAURA GAULD, and MALCOLM GAULD

Defendants.

Civil Action No.: 2:25-cv-00354-SDN

# PLAINTIFF'S NOTICE OF ADDITIONAL AUTHORITY REGARDING BIFURCATED OR PHASED DISCOVERY

Pursuant to the Court's instruction at the September 11, 2026 conference, Plaintiff submits additional authority for the Court's consideration regarding whether discovery in this case should be bifurcated or phased between merits and class certification. Because merits and class certification issues will overlap to such a significant extent in this case, bifurcating or phasing discovery would serve no practical purpose and will result in unnecessary discovery disputes causing delay. Plaintiff proposes the most efficient plan is to allow concurrent discovery on both the merits and class certification before briefing on class certification occurs. This will allow the Court to conduct its rigorous analysis of whether to certify the class with the benefit of a robust, developed record. This approach is consistent with practice in the First Circuit and other jurisdictions.

The Court's "rigorous analysis" of whether Rule 23 is satisfied will frequently "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). This is because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Gen. Tel. Co of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982)(internal citation omitted). In

conducting the analysis, it "may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Id.* As a result, "bifurcation is ordinarily the exception and not the rule." *Simmons v. Author Reputation Press LLC*, No. 24-12330-BEM, 2025 U.S. Dist. LEXIS 50055, *2 (D. Mass. Mar. 18, 2025)(internal citations omitted).

A searching inquiry is in order "where there are not only disputed facts, but also a novel theory of legally cognizable injury." *Brown v. Am. Honda (In re New Motor Vehicles Canadian Exp. Antitrust Litig.)*, 522 F.3d 6, 25 (1st Cir. 2008). In *Brown*, the First Circuit vacated certification because it had been decided on an insufficient record before discovery was completed. *Id.* 25, 29. In vacating certification, the First Circuit recognized that "some inquiry into the merits at the class certification stage is not only permissible but appropriate to the extent that the merits overlap the Rule 23 criteria." *Id.* at 24.

In *Bartok*, the court denied an early motion for certification and concluded it could not "resolve the myriad of thorny issues as to class certification on the current factual record" because the issues defendants raised "warrant[ed] the completion of merits as well as any necessary further class discovery before the Court can undertake a rigorous analysis of the Rule 23 requirements." *Bartok v. Hometown Am., LLC*, No. 21-10790-LTS, 2022 U.S. Dist. LEXIS 62308, * 8 (D. Mass. 2022). As in *Bartok*, discovery here should be unified because the same evidence of Defendants' coercive forced labor scheme is common to both class certification and Plaintiff's causes of action.

District courts "have been reluctant to bifurcate class-related discovery from discovery on the merits" since *Dukes* because the rigorous analysis "often overlaps with the merits of the underlying claims…." *Singh v. Lenovo (United States) Inc.*, No. 1:20-cv-1082, 2021 U.S. Dist. LEXIS 73837, * 2-3 (D. Md. Apr. 16, 2021)(collecting cases and citing, *Dukes*, 564 U.S. 338); *see also Donamaria v. Reprod. Genetic Innovations, Inc.*, No. 1:2024-cv-09535, ECF No. 60 (N.D. Ill. May 13, 2026)(denying bifurcation where defendant failed to carry its good-cause burden and

substantial overlap risked "needless disputes" over whether discovery pertains to class certification or the merits). *Singh* is instructive because, as Defendants have largely done here, the defendant relied on pre-*Dukes* authority in arguing that phasing discovery was the norm in class actions. *Singh*, 2021 U.S. Dist. LEXIS 73837 at *4. The *Singh* court engaged in a four-part test analyzing 1) the overlap in discovery, 2) deciding class certification at an early practicable time, 3) judicial economy and 4) prejudice, before denying the motion to bifurcate. *Id.* at * 5-13 (citing 1 McLaughlin on Class Actions § 3:10 (17th ed. 2020). All elements of the four-part test applied in *Singh* exist here weighing against bifurcating or phasing discovery:

- **<u>Overlap Between Merits and Class Discovery</u>**: Proving that Defendants used harm or threats of serious harm (18 U.S.C. § 1589) and the extent to which they benefited from the forced labor scheme (18 U.S.C. § 1595) will require evidence that is in Defendants' possession (e.g., internal policies and SOPs to which students were subject, including regarding alleged "character building," therapy sessions, labor and punishment; patterns and practices among staff related to educating, disciplining and treating students; meeting minutes; incident reports; complaints; communications; marketing materials; compliance documents; and financial documents for the class period of approximately two decades.) The Court must rigorously analyze Plaintiff's causes of action to determine whether they are susceptible to class wide proof, and there is substantial, if not almost entire, overlap between that analysis and the merits of Plaintiff's causes of action. For example, Plaintiff must prove the allegation of labor trafficking and Defendants' benefit therefrom, was common and typical across the class period of approximately two decades. *See Dukes*, 564 U.S. at 352 (holding "proof of commonality necessarily overlaps with" the merits where the claim rests on proving a pattern or practice); *see also Brimingham v. Alere S.D., Inc.*, No. 3:25-cv-00122-BJC-DEB, 2026 U.S. Dist. LEXIS 122897, * 8-9 (S.D. Cal. June 2, 2026)(denying bifurcation in employment case "because many of the same witnesses, documents,

and corporate records" would be needed in assessing plaintiff's employment theory and defendant's "policies and practices applicable to putative class members.")

- **Deciding Certification at an Early Practicable Time**: Defendants propose November 1, 2026, for class certification, which is an unworkable deadline allowing no meaningful time for discovery. Plaintiffs are amenable to a reasonable timeline for certification, and proceeding without phasing discovery will prevent the inevitable delay created by "additional litigation regarding the distinction between [class and merits discovery]." *Singh*, 2021 U.S. Dist. LEXIS 73837 at *4.

- **Judicial Economy**: Phasing discovery would consume resources because the line between class and merits discovery is "murky at best and impossible to determine at worst" such that bifurcation would cause "additional litigation regarding the distinction between the two." *Id.*at *3. A single, unified discovery period avoids unnecessary litigation over disputes of class certification versus merit discovery and is the most efficient course.

- **Prejudice**: The balance of prejudice weighs decisively against phasing discovery because Defendants could withhold overlapping discovery and create a "potentially unfair challenge" to Plaintiff in meeting certification requirements. *Id.* at *11-12. The fact that merits discovery will remain relevant after certification negates any alleged prejudice from producing it before certification. *Id.* at *12 (citing *Hunichen v. Atonomi LLC*, No. 2:19-cv-00615-RAJ-SKV, 2020 U.S. Dist. LEXIS 178213, at * 2 (W.D. Wash. Sep. 28, 2020)).

Defendants have presented no authority, nor argument beyond pointing to a few hand-picked cases, to carry their burden of showing good cause for bifurcating or phasing discovery. There is substantial overlap between the discovery necessary to determine whether the claims may be adjudicated as a class and the merits of Plaintiff's claims such that the two are nearly inseparable. Phasing discovery would produce unnecessary delay, expense, and avoidable

ancillary litigation into the categorization of evidence. Therefore, discovery should proceed concurrently because "bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties." Manual for Complex Litigation (Fourth) § 11.213 (2004).

Plaintiff suggests that the proposed scheduling order filed on September 11, 2026 (ECF No. 58) provides the most efficient plan for structuring discovery and respectfully requests the Court issue an amended scheduling order that accepts Plaintiff's proposed revisions to the Court's draft scheduling order.[1]

Dated: September 18, 2026

*<u>/s Kimberly A. Dougherty</u>*
Kelly A. Guagenty, Esq. *(pro hac vice)*
Kimberly A. Dougherty, Esq. (*pro hac vice*)
Karen Barth Menzies, Esq. (*pro hac vice*)
JUSTICE LAW COLLABORATIVE, LLC
210 Washington Street
North Easton, MA 02356
Phone: (508-230-2700
Email: kelly@justicelc.com;
kim@justicelc.com; karen@justicelc.com

*<u>/s/ Kevin M. Fitzgerald</u>*
Kevin M. Fitzgerald, Esq.
FITZGERALD LAW GROUP, LLC
120 Exchange Street, Suite 200
Portland, ME 04101
Phone: (207) 874-7407
Email: kfitzgerald@fitz-lawgroup.com

*Counsel for Plaintiff Jessica Fuller and the Proposed Class*

[1] Attached as Exhibit A is a scheduling order recently entered by Judge Saylor in *McCabe, et al. v. Ford Motor Company*, No. 1:23-cv-10829-FDS (D. Mass Sept. 14, 2026), a defective motor vehicle class action, which further supports Plaintiff's position. In *McCabe*, the Court ordered concurrent discovery on merits and class issues and class certification briefing after all fact and expert discovery and *Daubert* briefing was completed and at or around the time of briefing on motions for summary judgment.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, the foregoing Plaintiff's Notice of Additional Authority Regarding Bifurcated or Phased Discovery was electronically filed with the Clerk of Court using the CM/ECF system. Notification of this filing will be sent to all registered counsel of record by operation of the CM/ECF system including upon the following counsel of record for Defendants:

Martha C. Gaythwaite, Esq.
Sarah K. Grossnickle, Esq.
VERRILL DANA LLP
One Portland Square
Portland, ME 04101
mgaythwaite@verrill-law.com
sgrossnickle@verrill-law.com

*Counsel for Defendants Hyde School, Laura Gauld, and Malcolm Gauld*

*/s Kevin M. Fitzgerald*
Kevin M. Fitzgerald, Esq.