**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| JESSICA FULLER, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>HYDE SCHOOL; LAURA GAULD; and MALCOLM GAULD<br><br>Defendants. | Civil Action No. 2:25-cv-00354-SDN<br><br>Hon. Stacey D. Neumann |

# SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' PROPOSED SCHEDULING ORDER

Pursuant to Hon. Judge Nivison's direction at the Scheduling Conference held on September 11, 2026 [Dkt. No. 59], Defendants respectfully submit the following authorities to be considered in connection with the entry of a Scheduling Order.[1] The following authorities are relevant to Defendants' position that Rule 23 requires this Court to rule on class certification "at an early practicable time," before the completion of fact and expert discovery relating to the proposed class claims or summary judgment on class claims. In this case, early class certification is particularly important because 1) Plaintiff's proposed classes and subclasses are exceedingly broad and unclear, and the contours and appropriateness of which Defendants intend to challenge; and 2) Defendants question whether Plaintiff is an adequate class representative,

[1] In her Objection to the Proposed Scheduling Order [Dkt. 58], Plaintiff contends that she did not have timely notice of Defendants' decision to submit a proposed written Scheduling Order before this conference. For purposes of the record, defense counsel notified Plaintiff's counsel by email and voice mail of their intention to make a filing four hours before this conference and delayed filing so that the Plaintiff would be able to revise the written proposal her counsel had circulated as part of the parties' Rule 26(f) discussions.

given the factual differences between the allegations she makes regarding herself and the alleged experience of other purported class members.

- Federal Rule of Civil Procedure 23(c)(1)(A) requires: "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."
  - This order "must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." Fed. R. Civ. P. 23(c)(1)(B).
  - Among other prerequisites to class certification that the Court must consider in connection with this order is whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).
- Rule 23 requires an early adjudication on class certification to protect the interests of absent class members, to protect defendants from prejudice, and to promote judicial economy. Examples in which courts have addressed problems with unduly delaying a ruling on class certification include:
  - *Navarro-Ayala v. Hernandez-Colon*, 951 F.2d 1325, 1334 (1st Cir. 1991) (noting that an early certification order is "necessary to give the action a clear definition." "By focusing on the class issue early on, the district court identifies the plaintiffs, demarcates the boundaries of the legal dispute and makes provision to protect absent class members.").
  - *MSP Recovery Claims, Series LLC v. Fresenius Med. Care Holdings, Inc.*, 131 F.4th 51, 57-59 (1st Cir. 2025).
  - *Lawson v. FMR LLC*, 554 F. Supp. 3d 186, 192 (D. Mass. 2021) ("The exercise of discretion in reserving the class certification question is informed by two factors: first, whether an early resolution on the merits 'protect[s] both the parties and the court from needless and costly further litigation," . . .; and second, whether the ruling would prejudice any of the parties" (citation omitted).
  - *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 299 n.7 (1st Cir. 2000) (urging courts to "exercise caution" before delaying a class certification ruling until after acting on an individual plaintiff's partial summary judgment motion).
  - *Mongue v. Wheatleigh Corp.*, Civil No. 3:18-cv-30095-KAR, 2021 WL 4459704, at *1 n. 1 (D. Mass. Sept. 29, 2021) (noting, "[a]s a general rule, the question of whether a class will be certified should be resolved before the merits of an action are decided" due to the possibility that class members may choose to opt in or out of a class depending on how the merits are decided (citations omitted)).

- Pending an order certifying a class, the only claims before the court are the Named Plaintiff's claims. Plaintiff's proposed schedule appears to propose summary judgment briefing as well as the designation of expert witnesses on both class and individual claims, before the class claims are part of the case.[2] *See generally*:
  - *Pruell v. Caritas Christi*, 645 F.3d 81, 84 (1st Cir. 2011).
  - *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 299 (1st Cir. 2000) (noting that a certification order is necessary to bind putative class members to an order on summary judgment).
  - *Lawson v. FMR LLC*, 554 F. Supp. 3d 186, 193 (D. Mass. 2021) ("[W]ithout class certification, any ruling provided by disposition of the current motion binds only the named parties before me.").
- Defendants' proposed scheduling order is consistent with Rule 23, which anticipates prioritizing class certification issues.
  - 2003 Advisory Committee Notes: "Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct controlled discovery into the 'merits,' *limited to those aspects relevant to making the certification decision on an informed basis.* Active judicial supervision may be required to achieve the most effective balance that *expedites an informed certification determination* without forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'" (Emphases added.)
  - *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013) ("Although we have cautioned that a court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim,' . . .Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.") (citation omitted).

To be clear, Defendants do not seek to "bifurcate" discovery. Defendants recognize that discovery relevant to class certification will substantially overlap with merits discovery.

[2] The docket entry from *McCabe et al. v. Ford Motor Company*, attached to Plaintiff's submission [Dkt. 60], does not provide any insight into the Court's reasoning or the particular facts of that case underlying the Court's entry of that scheduling order, or whether the parties had stipulated to that sequencing.

Defendants' position is that the next phase of the case should be focused on the discovery necessary to permit the Court to rule on class certification "at an early practicable time." The contours of the class claims should be determined – including whether to proceed as a class, and if so, who the class members are – before the completion of fact discovery, expert discovery, and dispositive motion practice.

Dated: September 18, 2026

Respectfully submitted,

*/s/ Martha C. Gaythwaite*

Martha C. Gaythwaite, Esq.
Sarah K. Grossnickle, Esq.
VERRILL DANA LLP
One Portland Square
Portland, ME 04101
Phone: (207) 253-4650
Email: mgaythwaite@verrill-law.com;
sgrossnickle@verrill-law.com

*Counsel for Defendants Hyde School, Laura Gauld, and Malcolm Gauld*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, the forgoing was electronically filed with the Clerk of Court using the CM/ECF system. Notification of this filing will be sent to all registered counsel of record by operation of the CM/ECF system.