UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JESSICA FULLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:25-cv-00354-SDN |
| | ) | |
| HYDE SCHOOL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**SCHEDULING ORDER**

Plaintiff filed a class action complaint on her behalf and others similarly situated, seeking to recover damages for harm the putative class members allegedly suffered as the result of their time as students at Defendant Hyde School. Although the parties agree that this case should be placed on the Complex Track, the parties disagree as to how discovery should be conducted relative to an anticipated motion for class certification.

Plaintiff proposes a schedule that provides for the completion of all discovery and the briefing of dispositive motions before Plaintiff files a motion for class certification. Defendants' proposed schedule contemplates a much earlier deadline for Plaintiff's motion for class certification.

In assessing the parties' positions, the Court is mindful (a) that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action," Fed. R. Civ. P. 23(c)(1)(A), and (b) that there is often an overlap in the information that is relevant to the merits of a claim and that which is relevant to class certification.

After considering the parties' positions and the pertinent issues, the Court issues the following scheduling order, which does not provide for phased discovery but establishes a deadline for the filing of Plaintiff's motion for class certification before the close of all discovery. The discovery prior to the deadline for the class certification motion is not limited to discovery that is relevant to class certification.

Track Assignment: This case has been assigned to the Complex Track. Each side is limited to forty (40) interrogatories (subparts not permitted), three sets of requests for documents (with a total limit of 60 individual requests), forty (40) requests for admission, and ten (10) depositions.

Subject Matter Jurisdiction: Federal Question.

Jury Trial: Demanded.

Deadline for Initial Disclosure Pursuant to Fed.R.Civ.P.26(a)(1): October 16, 2026

Deadline for Plaintiff to File Motion for Class Certification: February 5, 2027

Deadline for Defendants to File Response to Motion for Class Certification: March 5, 2027

Deadline for Plaintiff to File Reply in Support of Motion for Class Certification: March 19, 2027

Deadline for Amendment of the Pleadings and Joinder of Parties: April 2, 2027

Plaintiff shall designate her experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) and, with respect to each expert, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by: April 9, 2027

Defendants shall designate its experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) and, with respect to each expert, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by: May 14, 2027

Deadline to Complete Discovery: August 27, 2027

Deadline to file Notice of Intent to file Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h): September 3, 2027

Deadline for Filing of All Dispositive Motions and All *Daubert* and *Kumho* Motions[1] Challenging Expert Witnesses with Supporting Memoranda: September 17, 2027

Expected Trial Date: This case shall be ready for trial by December 6, 2027.

Further Matters in Aid of Disposition: Plaintiff shall serve a written settlement demand upon Defendants by June 11, 2027. Defendants shall respond to the settlement demand by June 25, 2027.

Consent to the Magistrate Judge: The parties may consent to allow the Magistrate Judge to conduct all proceedings, to enter final orders and judgment, and to conduct any jury or non-jury trial as required in this case. The Magistrate Judges typically schedule the civil cases to which they are assigned for a specific trial date. If the parties consent to Magistrate Judge John C. Nivison conducting all proceedings, the parties shall complete

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Such motions shall include any challenges to lack of qualifications, scope of testimony and any other issues addressed by these decisions.

and file the consent form attached hereto, which form can also be found on the Courts website at Forms | District of Maine | United States District Court (uscourts.gov).

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of October, 2026.

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JESSICA FULLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:25-cv-00354-SDN |
| | ) | |
| HYDE SCHOOL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**CONSENT TO A MAGISTRATE JUDGE**

Understanding the right to trial before a District Judge, the parties to the above captioned civil matter additionally consent, pursuant to Fed.R.Civ.P. 73(b), to allow Magistrate Judge John C. Nivison to conduct any and all proceedings, to enter final orders and judgment, and to conduct any jury or non-jury trial as required in the instant action.

Counsel for Plaintiff:

Date:

Counsel for Defendants:

Date:

**NOTE: Return this form to the Clerk of Court only if it has been executed by all parties in this case.**